(C.D. 3800)

J. GERBER & Co., INC. v. UNITED STATES

United States Customs Court, Second Division

(Decided April 22, 1969)

*Siegel, Mandell & Davidson,* for the plaintiff.
*William D. Ruckelshaus,* Assistant Attorney General, for the defendant.

Before RAO, FORD, and NEWMAN, Judges

NEWMAN, Judge: The subject importations, described on the invoices as outdoor clips and covered by the protests enumerated in the schedule attached to and made a part of the decision herein, were classified by the appropriate customs officials as articles of iron or steel, not coated or plated with precious metal; other articles; other, under item 657.20, Tariff Schedules of the United States, and were assessed with duty at the rates of 19 per centum ad valorem as to all entries made on or before December 31, 1967, or 17 per centum ad valorem as to all entries made between January 1 and December 31, 1968.

It is the contention of plaintiff that said importations should properly have been classified as articles not specially provided for of a type used for household use; of iron or steel; other, under item 653.95, Tariff Schedules of the United States, for which duty at the rates of 17 per centum ad valorem as to all entries made on or before December 31, 1967, or 15 per centum ad valorem as to all entries made between January 1 and December 31, 1968 is provided.

By a Submission on Agreed Statement of Facts of the parties hereto it has been agreed that the imported items marked "A" and initialed M.R. by Import Specialist Michael J. Rocks on the invoices accompanying the entries covered by said protests consist of outdoor clips which are wholly or in chief value of iron and not coated or plated with precious metal and are of the type used for household uses.

453

Upon the Submission on Agreed Statement of Facts, we hold that the importations marked and initialed as aforesaid should properly have been classified as articles not specially provided for of a type used for household use; of iron or steel; other, under item 653.95, TSUS, and subjected to duty at the rates of 17 per centum or 15 per centum ad valorem depending upon the date of entry. That claim in the protests is therefore sustained. As to all other importations and all other claims, the protests are overruled.

It is hereby Adjudged and Ordered: that the Regional Commissioner at the port of New York will reliquidate the entries accordingly.